UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 11-30162-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING MOTION TO |
| | * | QUASH SUBPOENA AND |
| FRANKIE DELGADO, | * | MOTION TO WITHDRAW |
| | * | SUBPOENA |
| Defendant. | * | |

Defendant faces three charges of abusive sexual contact. Doc. 1. In Counts I and II of the Indictment, Defendant is charged with having engaged in abusive sexual contact of Tina Harris at the Indian Health Services ("IHS") Hospital in Eagle Butte, between March 1, 2011 and May 31, 2011. Id. In Count III of the Indictment, Defendant is charged with having engaged in abusive sexual contact of Keri Fischer on May 5, 2011, in Eagle Butte. Id. Both of the victims worked at IHS, as did Defendant. Now pending before this Court is the Government's Motion to Quash Subpoena to Testify, Doc. 56, and Defendant's Motion to Withdraw Documents, Doc. 57.

Defendant, through counsel, previously obtained through the Clerk of Court, without prior order or knowledge of this Court, a subpoena duces tecum by which Defendant sought to depose a representative of IHS. After the Government notified this Court with concerns about that subpoena, this Court issued an Order to Quash Subpoena Duces Tecum for Deposition, Doc. 23. In that order, this Court explained that, "[u]nder Rule 15(a) of the Federal Rules of Criminal Procedure, a party is to file a motion with the Court to seek a deposition to preserve testimony, and the Court may require production of designated material in connection therewith." Doc. 23 at 1. This Court also explained to counsel this Court's authority to regulate discovery under Rule

16(d) and the applicability of Rule 17(c)(3) regarding subpoenas to seek personal or confidential information about alleged victims.

Defendant thereafter sought an order from this Court for discovery from IHS regarding the alleged victims of the offenses. On August 15, 2012, this Court issued a Sealed Order Granting Defendant's Motion for Issuance of Subpoena Duces Tecum, Doc. 44, by which certain documents regarding the victims were subpoenaed from the victims' employer IHS. Among the materials subpoenaed from IHS were the victims' employment files, work schedules during the relevant time period, and all records relating to any administrative claims and investigations in which the victims were witnesses or complainants. IHS produced hundreds of pages of documents, which this Court reviewed in camera and ordered to be produced to the parties. Doc. 44; Doc. 54.

The Defendant then sought issuance of subpoenas duces tecum to these alleged victims requesting production by the alleged victims at the office of the defense attorney "[a] complete copy of any and all [of the victims'] medical and counseling records of the past ten years," "[a] complete copy of any and all Facebook postings from January 2011 through time of indictment," and "[a] complete copy of any and all text messages and cellular telephone records from January 2011 through time of indictment." Doc. 51; Doc. 52; Doc. 55. This Court denied such broad discovery requests because such sweeping and unjustified discovery requests represented an impermissible "pure total fishing expedition." Doc. 55; United States v. Hang, 75 F.3d 1275, 1282 (8th Cir. 1996).

On September 7, 2012, Defendant obtained from the Clerk of Court, without prior knowledge or order of this Court, a Subpoena for Dr. Rommel Brandt to Testify at a Deposition

2

in a Criminal Case. Doc. 56 at 1. Defendant did not file the subpoena duces tecum either before or after service. Defendant did not timely inform the Government's counsel or this Court about the subpoena. Doc. 56 at 1; Doc. 57. The deposition was scheduled for September 20, 2012, at the office of Defendant's counsel. The Government's attorney only learned of the planned deposition because IHS, Dr. Brandt's employer, informed the Government's attorney of the subpoena shortly before the deposition was to have occurred. Doc. 56 at 1. This Court in turn learned of the planned deposition on the day it was scheduled to have begun because Government's counsel informed the Court. After learning of the subpoena, Government's counsel filed a Motion to Quash Subpoena to Testify, Doc. 56, after which Defendant filed a Motion to Withdraw Document, Doc. 57.

Rule 15 of the Federal Rules of Criminal Procedure governs the taking of depositions in criminal matters. Unlike in civil cases where depositions are a matter of right, in criminal cases Rule 15 limits the availability and use of depositions. Rule 15(a)'s principal objective is to preserve evidence for trial; "[i]t is not to provide a method of pretrial discovery." United States v. Adcock, 558 F.2d 397, 406 (8th Cir. 1977); see also United States v. Hutchings, 751 F.2d 230, 236 (8th Cir. 1984) (noting Rule 15 is for evidence preservation, not pretrial discovery).

In order for a criminal deposition to take place, a court order is required. United States v. Kelley, 36 F.3d 1118, 1124 (D.C. Cir. 1994) ("[Rule 15] permits depositions in criminal cases to be taken only by order of the court, and then only in 'exceptional' situations."); see also United States v. Rothbart, 653 F.2d 462, 464 (10th Cir. 1981) ("[Rule 15] permits the court, upon motion and with notice to the parties, to order the deposition of a witness."); United States v. Massi, 277 F. Supp. 371, 374-75 (W.D. Ark. 1968) ("Depositions in criminal cases may be

taken only on order of the court and not as a matter of right."); United States v. Grado, 154 F. Supp. 878, 879 (W.D. Mo. 1957) ("Unlike the practice in civil cases in which depositions may be taken as a matter of right by notice without permission of the court, [Rule 15] permits depositions to be taken only by order of the court"); 2 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 243 (4th ed. 2012) ("A court order is ordinarily required for the taking of a deposition in a criminal case."); 23 Am. Jur. 2d Depositions and Discovery § 239 ("A party who wishes to take the deposition of a prospective witness must file a written motion seeking leave of court to do so."). The order for deposition can only be made "on a motion for leave of court with notice of the motion to all parties." Wright & Miller, supra, at § 243. Rule 15 allows a trial court to grant subpoena for deposition only in the case of exceptional circumstances and in the interest of justice. Fed. R. Crim. P. 15(a)(1). Depositions may be ordered "in the exercise of discretion and on notice to all parties." Grado, 154 F. Supp. at 879. The Defendant has no constitutional right to depose witnesses and is bound by decisions this Court makes, in its discretion, as to any criminal depositions. U.S. Const. Amend. XIV; State v. Clark, 814 N.W.2d 551, 561 (Iowa 2012) ("The right to present a defense does not afford a criminal defendant the right to depose witnesses."); State v. Sargent, 813 A.2d 402, 407 (N.H. 2002) ("A request for depositions . . . remains within the sound discretion of the trial court. A defendant has no unqualified due process right to compel depositions of witnesses in a criminal prosecution.").

Defendant erred by failing to request Court permission before obtaining and serving a Subpoena to Testify at a Deposition in a Criminal Case. Defendant should not have sought such a subpoena from the clerk's office without first seeking this Court's permission as required under

Rule 15(a). Rothbart, 653 F.2d at 464. Surprisingly, Defendant did so after the benefit of this Court's prior explanation of Rules 15(a), 16(d), and 17(c)(3) of the Federal Rules of Criminal Procedure in this case. Doc. 23. Defendant compounded the error by failing to give notice to this Court or opposing counsel of the forthcoming deposition. This Court is only aware that such a subpoena was sought and issued because IHS notified the Government's attorney, and the Government's attorney in turn informed the Court. The planned deposition never should have been attempted.

If the Defendant desires to depose any additional witnesses, he must file a motion with this Court seeking an order for a Subpoena to Testify at a Deposition in a Criminal Case. In order for the Defendant to obtain a Subpoena to Testify in a Deposition in a Criminal Case, the Eighth Circuit requires he show exceptional circumstances under Rule 15(a). United States v. Liner, 435 F.3d 920, 924 (8th Cir. 2006). "To establish exceptional circumstances [in seeking a criminal deposition], the moving party must show the witness's unavailability and the materiality of the witness's testimony." Id.; United States v. Jacobs, No. 8:11CR23, 2011 WL 2604764, at *2 (D. Neb. June 30, 2011).

Therefore, it is hereby

ORDERED that Government's Motion to Quash Subpoena to Testify, Doc. 56, and Defendant's Motion to Withdraw Documents, Doc. 57, are granted.

Dated September 25, 2012.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE